Case Number: 17-004168-CI

Filing # 58629585 E-Filed 07/05/2017 07:03:39 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

CHARLIE BONDS, JR.,

     **Plaintiff,**

v.                            **CASE NO.:**

LOCKHEED MARTIN CORPORATION,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLIE BONDS, JR. ("Plaintiff"), hereby sues the Defendant, LOCKHEED MARTIN CORPORATION ("Defendant"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2.    Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

3.    At all times material, Plaintiff is and was a resident of Florida.

4.    At all times material, Defendant was/is a Foreign Profit Corporation authorized to conduct business in the State of Florida, with Plaintiff's location of employment being at 3655 Tampa Rd, Oldsmar, FL 34677.

5.    This Court has subject matter jurisdiction pursuant to Section 107(a)(2) of the Family and Medical Leave Act ("FMLA").

***ELECTRONICALLY FILED 07/05/2017 07:03:37 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## GENERAL ALLEGATIONS

6.      Defendant is an employer as defined by the FMLA.   Defendant, a company that specializes in global aerospace, defense, security, and advanced technologies, is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current and preceding calendar year.

7.      Plaintiff was employed by Defendant as a full-time hourly Senior Cable Assembler from August 2015 through April 28, 2017, when he was fired.

8.      Plaintiff is an employee within the meaning of the FMLA and an individual entitled to protection under the FMLA.

9.      In or about October 2016, Plaintiff alerted the proper people regarding his FMLA request due to his sister passing and his subsequent adoption of her two daughters (his nieces). The girls are ages 10 and 11 and one has a serious medical condition that causes her to have seizures, primarily in the morning.

10.     Subsequently, on or about October 26, 2016, Plaintiff was approved for FMLA leave.

11.     Plaintiff went on FMLA leave from November 28, 2016 and returned on February 7, 2017.  Plaintiff was supposed to return to work on February 6, 2017, but was told none of the supervisors or Human Resources were in that day to put him back in the system.

12.     Upon his return to work, Plaintiff's manager, Jason Cade, approached Plaintiff's work area. Mr. Cade told Plaintiff that Paula Dancil, the Human Resources contact person, needed to speak with him.

13.    At the meeting, Ms. Dancil told Plaintiff that he was being put on paid administrative leave due to "what transpired last year." This comment refers to the multiple complaints Plaintiff made in regards to the harassment he faced at the hands of both Mr. Cade and Ms. Dancil.

13.    Plaintiff was then told by Ms. Dancil that he was required to contact Empathia (EAP), which is a counseling center. When Plaintiff inquired as to why, Ms. Dancil and Mr. Cade refused to tell him. Ms. Dancil also told Plaintiff that if he did not contact EAP within 24 hours, he would be terminated.

14.    Plaintiff subsequently found out that while he was on FMLA leave, a meeting had been held without his knowledge with the Administrative Review committee (ARC). Due to Ms. Dancil's and Mr. Cade's participation, the decision handed down required Plaintiff to go to counseling.

15.    Plaintiff went to counseling as required and asked the counselor why he was there. The counselor informed him that the paperwork he received said that Plaintiff was "violent and aggressive in the workplace." Plaintiff explained the entire situation in full and the counselor told him he did not require counseling and that he would be released back to work.

16.    Plaintiff returned to work on March 1, 2017, per the order of the counselor. Plaintiff was then told that he still had to go to counseling, even though the counselor had told Defendant that Plaintiff did not need it. Plaintiff told Defendant that he expected to be paid for these sessions as he was unable to do it on his personal time as he lived two hours from his place of employment and EAP. Ms. Dancil told Plaintiff he had to do it on his personal time and would not be paid, even though the sessions were "work-

related."

17.   Defendant refused to reinstate Plaintiff to his position as full-time Senior Cable Assembler, or a position substantially similar, at the same rate of pay, as mandated by the FMLA.

18.   Defendant terminated Plaintiff's employment because he exercised his FMLA rights.

19.   At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federal protected rights.

20.   Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services

## COUNT I
## FMLA INTERFERENCE

21.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-20.

22.   Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

23.   Defendant's actions constitute violations of the FMLA.

24.   As a result of Defendant's unlawful actions, Plaintiff has suffered damages as follows:

     a.    Back pay and benefits;

     b.    Interest;

     c.    Liquidated damages;

     d.    Attorneys' fees and costs pursuant to the FMLA;

     e.    Equitable relief;

4

f.     Such other relief as is permitted by law.

WHEREFORE, Plaintiff, CHARLIE BONDS, JR., respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, LOCKHEED MARTIN CORPORATION., for the foregoing economic and non-economic damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT II
## FMLA RETALIATION

25.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-20.

26.    Defendant retaliated against Plaintiff for asserting his FMLA rights.

27.    Defendant's actions constitute violations of the FMLA.

28.    As a result of Defendant's unlawful actions, Plaintiff has suffered damages as follows:

a.     Back pay and benefits;

b.     Interest;

c.     Liquidated damages;

d.     Attorneys' fees and costs pursuant to the FMLA;

e.     Equitable relief;

f.     Such other relief as is permitted by law.

WHEREFORE, Plaintiff, CHARLIE BONDS, JR., respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, LOCKHEED MARTIN CORPORATION, for the foregoing economic and non-economic damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the

prosecution of the claim and such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

29.    Plaintiff demands trial by jury as to all issues.

DATED this 5th day of July, 2017.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
    Pleadings@theFLlawfirm.com
    lechnerj@theFLlawfirm.com
    kmoran@theFLlawfirm.com
*Attorneys for Plaintiff*

6