UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:17-cv-01966-JDW-TGW

CHARLIE BONDS, JR.,

    **Plaintiff,**

v.

LOCKHEED MARTIN CORPORATION,

    **Defendant.**

_____

## DEFENDANT LOCKHEED MARTIN CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Lockheed Martin Corporation ("**Lockheed Martin**"), by and through undersigned counsel, hereby responds to the Complaint [ECF No. 2] filed by Plaintiff Charlie Bonds, Jr. ("**Plaintiff**") and sets forth its affirmative defenses. To the extent not otherwise explicitly admitted in this Answer, all facts in the Complaint are hereby denied.

### ANSWER

1. Lockheed Martin admits that Plaintiff purports to have brought an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interest and costs, but denies that Plaintiff is entitled to any relief against Lockheed Martin.

2. The allegation that venue is proper in Pinellas County calls for a legal conclusion to which no response is required and none is given. Lockheed Martin admits that a substantial portion of the relevant events took place within the area in which the Middle District of Florida is located.

3. Lockheed Martin is without sufficient knowledge or information to form a belief as to Plaintiff's residency as alleged in Paragraph 3 of the Complaint, and therefore denies same.

4. Lockheed Martin admits that it is a foreign profit corporation registered to do business in the state of Florida and that Plaintiff's place of employment was at 3655 Tampa Rd., Oldsmar, Florida 34677. All other allegations in Paragraph 4 of the Complaint are denied.

5. The allegation that this Court has subject matter jurisdiction over this action pursuant to Section 107(a)(2) of the Family and Medical Leave Act ("**FMLA**") calls for a legal conclusion to which no response is required and none is given. To the extent any further response is required, Lockheed Martin admits this Court has subject matter jurisdiction over FMLA claims.

6. The allegations that Lockheed Martin is an "employer as defined by the FMLA" and "engaged in commerce" state legal conclusions to which no response is required and none is given. To the extent any further response is required, Lockheed Martin admits that it is an employer as defined by the FMLA. All other allegations in Paragraph 6 of the Complaint are denied.

7. Lockheed Martin admits that Plaintiff was employed from August 2015 through his termination on April 28, 2017. All other allegations in Paragraph 7 of the Complaint are denied as stated.

8. The allegations that "Plaintiff is an employee within the meaning of the FMLA and an individual entitled to protection under the FMLA" state legal conclusions

to which no response is required and none is given.  To the extent any further response is required, Lockheed Martin denies the remaining allegations of Paragraph 8 of the Complaint.

9. Lockheed Martin admits that in or about October 2016, Plaintiff informed Lockheed Martin of his need for FMLA leave.  Lockheed Martin is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 9 of the Complaint, and therefore denies same.

10. Lockheed Martin admits that Plaintiff's FMLA leave request was approved.  All other allegations in Paragraph 10 of the Complaint are denied as stated.

11. Lockheed Martin admits that Plaintiff was on FMLA leave from November 28, 2016 through February 5, 2017.  All other allegations in Paragraph 11 of the Complaint are denied.

12. Lockheed Martin denies the allegations of Paragraph 12 of the Complaint.

13. Lockheed Martin admits that Plaintiff was placed on paid administrative leave. All other allegations in Paragraph 13 are denied.

Second 13. Lockheed Martin admits that Plaintiff was informed that he was required to contact Empathia/Employee Assistance Program ("**EAP**") within 24 hours to schedule an evaluation as a condition of continued employment.  All other allegations of Second Paragraph 13 of the Complaint are denied.

14. Lockheed Martin admits that an Administrative Review Committee ("**ARC**") met in December 2016 regarding Plaintiff's disciplinary issues and required

Plaintiff to undergo an evaluation by EAP before a final adjudication. All other allegations of Paragraph 14 of the Complaint are denied.

15. Lockheed Martin is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 15 of the Complaint, and therefore denies same.

16. Lockheed Martin admits that Plaintiff returned to work on March 1, 2017. Lockheed Martin further admits that Plaintiff was informed that he was obligated to continue counseling. Lockheed Martin denies the remaining allegations of Paragraph 16 of the Complaint.

17. Lockheed Martin denies the allegations of Paragraph 17 of the Complaint.

18. Lockheed Martin denies the allegations of Paragraph 18 of the Complaint.

19. Lockheed Martin denies the allegations of Paragraph 19 of the Complaint.

20. Lockheed Martin is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 20 of the Complaint, and therefore denies same.

## COUNT I
## FMLA INTERFERENCE

21. Lockheed Martin incorporates and realleges its responses to Paragraphs 1 through 20 as if fully set forth herein.

22. Lockheed Martin denies the allegations of Paragraph 22 of the Complaint.

23. Lockheed Martin denies the allegations of Paragraph 23 of the Complaint.

24. Lockheed Martin denies the allegations of Paragraph 24 of the Complaint.

Lockheed Martin admits that the unnumbered "Wherefore" Paragraph following Paragraph 24 of the Complaint purports to demand judgment against Lockheed Martin on behalf of Plaintiff for economic and non-economic damages unpaid wages, prejudgment

4
901310003 v208/25/2017

interest, reasonable attorneys' fees and costs, and any additional relief as the Court deems just and proper, but Lockheed Martin denies that Plaintiff is entitled to such relief.

## COUNT II
## FMLA RETALIATION

25. Lockheed Martin incorporates and realleges its responses to Paragraphs 1 through 20 as if fully set forth herein.

26. Lockheed Martin denies the allegations of Paragraph 26 of the Complaint.

27. Lockheed Martin denies the allegations of Paragraph 27 of the Complaint.

28. Lockheed Martin denies the allegations of Paragraph 28 of the Complaint.

Lockheed Martin admits that the unnumbered "Wherefore" Paragraph following Paragraph 28 of the Complaint purports to demand judgment against Lockheed on behalf of Plaintiff for economic and non-economic damages, unpaid wages, prejudgment interest, reasonable attorneys' fees and costs, and any additional relief as the Court deems just and proper, but Lockheed Martin denies that Plaintiff is entitled to such relief.

## JURY TRIAL DEMAND

29. Lockheed Martin admits that in Paragraph 29 Plaintiff demands a trial by jury on all issues.

## DEFENSES

## FIRST DEFENSE

Some or all of Plaintiff's claims may be barred by Plaintiff's failure to satisfy the applicable statutory and jurisdictional prerequisites and administrative requirements.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part because Lockheed Martin's actions were justified by legitimate business reasons, and its actions were consistent with legal and proper business policies, procedures, and practices.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred because, even if Lockheed Martin were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Lockheed Martin denies, no impermissible factor motivated or was a substantial factor in any decision or action.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred because, even if Lockheed Martin were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Lockheed Martin denies, Lockheed Martin would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

**FIFTH DEFENSE**

Lockheed Martin relied on legitimate non-retaliatory and reasonable factors in taking any alleged action toward Plaintiff.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims, including his claims to damages, are barred because of Plaintiff's own conduct and/or the equitable doctrine of unclean hands.

901310003 v208/25/2017

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**EIGHTH DEFENSE**

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, Lockheed Martin states that Plaintiff has failed to mitigate his damages, if any.

**NINTH DEFENSE**

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, Lockheed Martin states that Plaintiff has not been damaged in the manner or to the extent alleged in the Complaint.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent he seeks to recover damages or expenses not available under the FMLA.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in the Complaint because Lockheed Martin's actions were not malicious, egregious, in bad faith, or in reckless indifference or disregard of any legal rights of Plaintiff.

**TWELFTH DEFENSE**

Lockheed Martin reserves the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

**WHEREFORE,** Lockheed Martin, having fully answered the Complaint, prays the Court for relief as follows:

1. That Plaintiff recover nothing from Lockheed Martin and that Plaintiff's claims against Lockheed Martin be dismissed with prejudice;

2. That the costs of this action be taxed against Plaintiff;

3. That Lockheed Martin recovers its costs and reasonable attorneys' fees incurred in defending this action to the extent allowed by law; and

4. That the Court grant such other and further relief as the Court deems just and proper.

Dated: August 25, 2017

Respectfully submitted,

*s/April Boyer*
APRIL BOYER (Trial Counsel)
Florida Bar No.: 0168335
YAMILET HURTADO
Florida Bar No. 0095607
**K&L Gates LLP**
Southeast Financial Center, Ste 3900
200 South Biscayne Boulevard
Miami, Florida 33131-2399
Telephone: (305) 539-3300
Facsimile: (305) 358-7095
April.boyer@klgates.com
yamilet.hurtado@klgates.com

*Attorneys for Defendant*
*Lockheed Martin Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served on **August 25, 2017** on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ April Boyer*
APRIL BOYER

**SERVICE LIST**

Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
**WHITTEL & MELTON, LLC**
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Phone: (727) 822-1111
Fax: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
shelley@theFLlawfirm.com

*Attorneys for Plaintiff*
*Charlie Bonds, Jr.*